UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEWART INTERIOR CONTRACTORS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-948** |
| **JOANN BERGERON** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are Defendant Travelers Indemnity Company's Motion for Summary Judgment (Rec. Doc. 51) and Plaintiff Stewart Interior Contractors, LLC's Cross Motion for Partial Summary Judgment (Rec. Doc. 72). For the following reasons, IT IS ORDERED that Travelers Indemnity Company's Motion for Summary Judgment IS GRANTED. IT IS FURTHER ORDERED that Stewart Interior Contractors, LLC's Cross Motion for Partial Summary Judgment IS DENIED.

**I.  BACKGROUND**

Shortly after Hurricane Katrina, Plaintiff, Stewart Interior Contractors, L.L.C. ("Stewart"), a Louisiana contractor, subcontracted to repair a Walgreen's Shopping Center on Veteran's Boulevard in Metairie that had been damaged in the storm. Stewart entered into discussions with Landaverde Construction, L.L.C. ("Landaverde"), a Texas construction firm, for assistance in completing the job. As a condition of subcontracting with Landaverde, Stewart required Landaverde to produce a certificate of insurance showing proof of appropriate coverage, including compensation insurance for employment injuries occurring in Louisiana. Landaverde hired the Joann Bergeron, the principal of the Bergeron Agency ("Bergeron"), to act as their insurance agent at all times material to this case.

Prior to issuing a certificate of insurance, Tim Hogan, a Bergeron employee, contacted Travelers to confirm Landaverde's workers' compensation coverage. On September 21, after receiving confirmation, Hogan faxed a certificate of insurance to Stewart's office in Metairie, Louisiana. The certificate of insurance stated that Landaverde would be covered for "ALL JOBS / ALL LOCATIONS" with Travelers as the compensation carrier. Within two days of receiving the faxed certificate of insurance from Bergeron, Stewart entered into a contract with Landaverde for assistance in completing the repairs to the Walgreen's Shopping Center.

On January 6, 2006, Daniel Moreno, a Landaverde employee, was working at the Walgreen's site when an arc from an electrical wire ignited his shirt and burned him. Moreno filed a worker's compensation claim with the Louisiana Department of Labor against both Landaverde and Travelers. Travelers denied Moreno's claim, contending that its workers' compensation policy did not cover work-related injuries in Louisiana. In response, Moreno filed an additional claim seeking compensation benefits from Stewart and Stewart's workers' compensation carrier, the Louisiana Commerce and Trade Association ("LCTA"), on the theory that Stewart was his statutory employer.

The two claims were consolidated before the Louisiana Department of Labor's Office of Worker's Compensation ("OWC"). On April 13, 2009, OWC issued a judgment in which they held that Landaverde was the direct employer of Moreno and Stewart was the statutory employer of Moreno, and that the two were jointly liable to Moreno for the injuries that he had sustained. They further held that LCTA was the workers' compensation carrier for Stewart and that Travelers was the workers' compensation carrier for Landaverde. In addition, they held that Travelers' denial of coverage was arbitrary, capricious, and without cause, and ordered that Travelers and Landaverde pay penalties and attorney's fees to Moreno.

On December 28, 2007, prior to the decision by the OWC, both Stewart and the LCTA filed this lawsuit against Bergeron seeking indemnity for the compensation claims in the event that the OWC determined that the Travelers policy did not cover Moreno's injuries. On February 12, 2008, the case was removed to this Court. On August 21, 2008, Bergeron filed a

third party complaint against Travelers seeking indemnity in the event that they were held liable to Stewart and LCTA. On July 8, 2009, Stewart filed an amended complaint in which they asserted claims directly against Travelers based on theories of detrimental reliance and negligent misrepresentation.

Based on the OWC judgment, Bergeron filed a motion for summary judgment which was granted as unopposed on August 21, 2009. Thereafter, she stipulated to the dismissal of her third party demand. Additionally, on August 12, 2009, the LCTA stipulated to the dismissal of their claims. The only remaining claims are those of Stewart against Travelers for damages resulting from Travelers denial of coverage. Specifically, Stewart seeks the costs of defending the suit brought by Mr. Moreno in the OWC.

## II.  PRESENT MOTIONS

The parties have each filed a motion for summary judgment in this case.[1] First, Travelers argues that Stewart's claims are essentially claims for workers' compensation benefits and that therefore, the workers' compensation court has exclusive jurisdiction over these claims. On the other hand, Stewart argues that their claims arise out of tort and are not subject to the jurisdiction of the workers' compensation court, even though they relate to workers' compensation.

Second, Travelers takes the position that Stewart's tort claims are prescribed by Louisiana's one year prescriptive period. Stewart responds that their claims are timely because the one-year prescriptive period was interrupted by the filing of a workers' compensation claim.

Third, Travelers asserts that Stewart cannot maintain an action for attorney's fees in this case because their insurer, LCTA, actually paid the fees on their behalf. Stewart asserts that the collateral source rule applies and it therefore does not matter who paid the fees.

Fourth, Travelers claims that Stewart cannot maintain an action for detrimental reliance because, while Travelers made a representation to Bergeron, they never made any representation to Stewart. They also argue that Stewart, as Moreno's statutory employer, had a legal obligation

---

[1]Stewart's motion is for partial summary judgment as to liability only.

to pay his benefits and is entitled to indemnity only from the direct employer. Thus, they claim that Stewart has not changed their position to their detriment.

Finally, Travelers asserts that they did not owe any duty to Stewart and can therefore not be held liable under a theory of negligent misrepresentation. Stewart asserts that the evidence shows they are able to satisfy the requirements of a detrimental reliance claim and a claim for negligent misrepresentation and that Travelers has failed to raise a question of material fact. Because the Court finds that Stewart's claims are subject to the exclusive jurisdiction of the OWC, it need not reach the other arguments.

### III. LAW & ANALYSIS

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

In diversity cases such as this one, federal courts must apply state substantive law. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). A district court sitting in diversity applies the choice-of-law rules of the forum state. *Guaranty Nat'l Ins. Co. v. Azrock Indus., Inc.*, 211 F.3d 239, 243 (5th Cir. 2000). The parties do not dispute that Louisiana law is applicable to this case. Under Louisiana law, district courts have been divested of jurisdiction to hear worker's compensation

matters where the law provides that the matter is to be governed by administrative agency determinations. *Sampson v. Wendy's Mgmt., Inc.*, 593 So. 2d 336, 337 (La. 1992). As the Workers' Compensation Act provides:

> Except as otherwise provided by R.S. 1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands to recover for overpayment of benefits, the determination and recognition of employer credits as provided for in the Chapter, and *cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution*, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or *attorney fees arising out of an injury subject to this Chapter*.

La. Rev. Stat. 23:1310.3(E) (emphasis added). Thus, the Act makes clear that cross-claims between statutory employers and other insurers must be submitted to the workers' compensation judge.

Nevertheless, Stewart asserts that tort claims are not subject to the exclusive jurisdiction provision. In support of their argument, they rely on *Sampson*, a Louisiana Supreme Court case in which an employee who was discharged because she had claimed workers' compensation benefits responded by filing suit against her former employer for retaliation. *Sampson*, 593 So. 2d at 336-37. In her suit, she sought civil penalties under Louisiana Revised Statute § 23:1361. *Id.* Despite the fact that the Workers' Compensation Act specifically prohibited retaliation, the Court held that Plaintiff's claims were delictual in nature and therefore not subject to the exclusive jurisdiction provision. *Id.* at 338. Reasoning that retaliation constituted a violation by the employer of a statutorily imposed duty, and further noting that the Act does not provide a prescriptive period or a procedure for administrative determination, the Court allowed plaintiff's tort claim to proceed. *Id.* at 338-39.

Travelers, on the other hand, argues that *Griffin v. Metro Drayage Service, Inc.*, 785 So. 2d 930 (La. App. 5 Cir. 2001), is more analogous to the case at bar. In *Griffin*, an employee injured in an automobile accident filed a workers' compensation claim against his employer and a tort suit against the operator of the other vehicle. *Id.* at 931. Plaintiff was represented by

different attorneys in each proceeding. *Id.* The workers' compensation insurer intervened in the tort suit, and when the tort suit settled, Plaintiff dismissed his workers' compensation claims and the insurer dismissed their claims in intervention. *Id.* Subsequently, the workers' compensation court awarded attorney's fees to Plaintiff's attorney in the workers' compensation suit. *Id.* Plaintiff challenged this assessment, and the Court held that "[a]ppellee's claim for an attorney's fee . . . in his compensation case is obviously a claim arising out of the workers' compensation law as to which the [workers' compensation court] has exclusive jurisdiction." *Id.* at 932.

There can be no doubt that this case is a cross-claim between a statutory employer and a workers' compensation insurer. These claims, unlike the retaliation claim at issue in *Sampson*, are claims for indemnification or contribution. The Text of the Workers' Compensation Act is clear that claims of this nature are subject to the exclusive jurisdiction of the OWC, while exclusive jurisdiction over retaliation claims is not expressly provided for. Additionally, the only damages sought by Plaintiff at this stage of the proceedings are attorney's fees that arise out of Moreno's claims to recover for injuries pursuant to the Workers' Compensation Act. Again, the Act clearly divests this Court of jurisdiction over claims for attorney's fees arising out of a workers' compensation injury, but does not do the same for the civil penalties like those sought by the Plaintiff in *Sampson*. Accordingly, this Court lacks jurisdiction and this case must be dismissed, and the Court need not reach the other arguments offered by the parties.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Traveler's Motion for Summary Judgment (Rec. Doc. 51) IS GRANTED. IT IS FURTHER ORDERED that Stewart's Cross Motion for Partial Summary Judgment (Rec. Doc. 72) IS DENIED.

New Orleans, Louisiana, this 10th day of May, 2010.

UNITED STATES DISTRICT JUDGE